IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AMANDA LOGSDON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. CIV-20-82-SM |
| ANDREW M. SAUL, | ) |
| COMMISSIONER OF SOCIAL | ) |
| SECURITY ADMINISTRATION, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Amanda Logsdon (Plaintiff) brings this action for judicial review of the Commissioner of Social Security's final decision that she was not "disabled" under the Social Security Act. *See* 42 U.S.C. §§ 405(g), 423(d)(1)(A). The parties have consented to the undersigned for proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). *See* Docs. 9, 13.

Plaintiff asks this Court to reverse the Commissioner's decision and to remand the case for further proceedings arguing the Administrative Law Judge's residual functional capacity assessment[1] (RFC) was inconsistent with a "portion of Dr. [Michael R.] Hahn's persuasive opinion . . . ." Doc. 14, at 3.

---

[1]   Residual functional capacity "is the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). Plaintiff's counsel states Plaintiff applied for Disability Insurance Benefits, but the record shows she also applied for supplemental security income. Doc. 14, at 1; AR 13.

After a careful review of the record (AR), the parties' briefs, and the relevant authority, the Court reverses the Commissioner's decision. *See* 42 U.S.C. § 405(g).[2]

## I.     Administrative determination.

### A.     Disability standard.

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). "This twelve-month duration requirement applies to the claimant's inability to engage in any substantial gainful activity, and not just [the claimant's] underlying impairment." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Barnhart v. Walton*, 535 U.S. 212, 218-19 (2002)).

### B.     Burden of proof.

Plaintiff "bears the burden of establishing a disability" and of "ma[king] a prima facie showing that he can no longer engage in his prior work activity." *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). If Plaintiff makes that

---

[2]     Citations to the parties' pleadings and attached exhibits will refer to this Court's CM/ECF pagination. Citations to the AR will refer to its original pagination.

prima facie showing, the burden of proof then shifts to the Commissioner to show Plaintiff retains the capacity to perform a different type of work and that such a specific type of job exists in the national economy.

### C. Relevant findings.

#### 1. Administrative Law Judge's findings.

The ALJ assigned to Plaintiff's case applied the standard regulatory analysis to decide whether Plaintiff was disabled during the relevant timeframe. AR 14-21; *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *see also Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (describing the five-step process). The ALJ found Plaintiff:

(1) had not engaged in substantial gainful activity since August 23, 2017, the alleged onset date;

(2) had the following severe medically determinable impairments: degenerative disc disease and obesity;

(3) had no impairment or combination of impairments that met or medically equaled the severity of a listed impairment;

(4) had the physical residual functional capacity to perform sedentary work, which included that she can occasionally push/pull ten pounds; occasionally climb ramps and stairs, balance stoop, kneel, crouch and crawl; she cannot climb ladders, ropes and/or scaffolds;

(5) could not perform any past relevant work;

(6) could perform jobs that exist in significant numbers in the national economy such as hand painter-stainer; document specialist; and telephone quotation clerk; and thus

    (7)    had not been under a disability from August 23, 2017 through December 17, 2018.

*See* AR 14-21.

### 2. Appeals Council's findings.

The Social Security Administration's Appeals Council denied Plaintiff's request for review, *see id.* at 1-6, making the ALJ's decision "the Commissioner's final decision for [judicial] review." *Krauser v. Astrue*, 638 F.3d 1324, 1327 (10th Cir. 2011).

## II. Judicial review of the Commissioner's final decision.

### A. Review standard.

The Court reviews the Commissioner's final decision to determine "whether substantial evidence supports the factual findings and whether the ALJ applied the correct legal standards." *Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016). Substantial evidence is "more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084; *see also Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) ("It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.") (internal quotation marks and citation omitted). A decision is not based on substantial evidence "if it is overwhelmed by other evidence in the record." *Wall*, 561 F.3d at 1052 (citation omitted). The Court will "neither

reweigh the evidence nor substitute [its] judgment for that of the agency." *Newbold v. Colvin*, 718 F.3d 1257, 1262 (10th Cir. 2013) (citation omitted).

### B.   Issue for judicial review.

Plaintiff first maintains the ALJ's RFC assessment contained an inconsistency with Dr. Hahn's persuasive opinion, which the ALJ failed to explain. Doc. 14, at 3-7. Dr. Hahn's opinion restricted Plaintiff to "no lifting greater than 10 pounds with *minimal* pushing, pulling, climbing, crawling, or stooping." AR 429 (emphasis added). In finding Dr. Hahn's opinion consistent and supported by the medical evidence, the ALJ found it to be persuasive. *Id.* at 18-19. So, Plaintiff argues, the ALJ should have included such limitations in the RFC Assessment. Doc. 14, at 4.

> With respect to Dr. Hahn's opinions, the ALJ found:
>
> Dr. Hahn submitted a form in which he opined the claimant could lift, carry, push and pull 10 pounds or sedentary exertion work with minimal pushing, pulling, climbing, crawling or stooping (Exhibit 7F, pp. 6, 18). *Dr. Hahn's opinions are both consistent and supported by the medical evidence.* For instance, the claimant's lumbar imaging showed some cord compression (Exhibit 7F, p. 6) with continued physical exam findings including 1 out of 5 motor strength in the right leg, regular obesity and complaints of pain and weakness with walking and standing (with unprescribed cane use). Therefore, Dr. Hahn's opinions are found to be persuasive.

AR 18-19. The ALJ also found the State agency medical consultants' opinions to be persuasive. *Id.* at 19. These consultants limited Plaintiff to sedentary exertion work with occasionally stooping and climbing ramps and stairs and

no climbing ladders, ropes, and or scaffolds. *Id.* They also characterized Dr. Hahn's release of Plaintiff to work limiting her to "modified work," "[l]ight duty," "[p]ush/pull 10 lbs MMI." *Id.* at 54, 65, 78, 90.

The ALJ first asked the vocational expert a hypothetical that had no limitation on the ability to push and pull. AR 44. The vocational expert identified the jobs of hand painter-stainer, document specialist, and telephone quotation clerk. *Id.* at 45. Those jobs all remained when the ALJ added that the "individual can push and pull ten pounds." *Id.* They also remained when asked if that individual "can frequently push and pull ten pounds?" *Id.* And they remained when the ALJ "limited that to occasional pushing and pulling of ten pounds." *Id.*

An ALJ must explain the resolution of any material evidentiary inconsistencies or ambiguities in assessing an RFC. SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996). Here, because the ALJ accepted Dr. Hahn's opinion (finding it consistent and supported by medical evidence), but did not explain why he did not include such a limitation in the RFC, the ALJ's decision to omit the limitation from the RFC was flawed. This Court cannot rely on explanations the ALJ did not provide. *See Allen v. Barnhart*, 357 F.3d 1140, 1142 (10th Cir. 2004) ("Affirming this post hoc effort to salvage the ALJ's

decision would require us to overstep our institutional role and usurp essential functions committed in the first instance to the administrative process.").

The Commissioner argues the ALJ accounted for these limitations:

> Plaintiff's argument, however, overlooks the fact that her own counsel at the hearing also interpreted Dr. Hahn's opinion to be one that precluded lifting, pushing, and pulling more than 10 pounds. The state agency physicians also understood that Dr. Hahn's opinion was that Plaintiff could "[l]ift 10 lbs. Push/pull 10 lbs". Thus, the ALJ was reasonable to also construe Dr. Hahn's limitation of minimal pushing and pulling to pushing no more than 10 pounds occasionally.

Doc. 20, at 7. The Commissioner does not address the inconsistency between a limitation to minimal versus occasional. In fact, he suggests they are synonymous. *Id.* at 8. ("Because the ALJ's limitation to pushing and pulling no more than 10 pounds occasionally corresponds with Dr. Hahn's opinion about minimal pushing and pulling, Plaintiff's argument to the contrary holds no water.").

The Commissioner also argues that sedentary work does not encompass pushing and pulling. *Id.* at 7 (quoting SSR 96-9p1996 WL 374185, at *6) ("Limitations on the ability to push or pull will generally have little effect on the unskilled sedentary occupational base."). And that the Dictionary of Occupational Title's (DICOT) descriptions for each job do not mention pushing or pulling. *Id.*

The Court regards minimal as part of the range of occasional.  *See Kellams v. Colvin*, 2016 WL 9631665, at *5 (D. Colo. June 30, 2016*)* ("The VE [(vocational expert)] testified that while the definition of occasional was between minimal and up to one-third, it did not require one-third."), *rev'd and remanded on other grounds sub nom. Kellams v. Berryhill*, 696 F. App'x 909 (10th Cir. 2017).  Here we have no such testimony.

And the ALJ carefully questioned the vocational expert about the ability to push and pull, and retained the occasional limitation in the RFC assessment.  As Plaintiff argues, the DICOT lists each of the three jobs the vocational expert identified as sedentary, such that the strength level needed is at least an ability to perform occasional pushing or pulling of up to ten pounds "up to 1/3 of the time."  Doc. 21, at 2 (citing; DICOT 735.687-018, 1991 WL 679981; DICOT 249.587-018, 1991 WL 672349; DICOT 237.367-046, 1991 WL 672194).  The ALJ's failure to explain why he rejected Dr. Hahn's limitations to minimal pushing or pulling requires remand.  *Cf. Davis v. Saul*, 2019 WL 5213972, at *3 (W.D. Okla. Oct. 16, 2019) (noting that "though Defendant is correct that sedentary work is performed primarily seated, such description does not address a worker's need to elevate his feet, stay off of his feet, or use assistive devices," because the ALJ accepted the evidentiary

8

support for these limitations, but did not explain their absence from the RFC, the decision was flawed).

On remand, the ALJ should consider the evidence that Plaintiff could engage in minimal pushing or pulling, and to the extent she rejects significant evidence of such limitations, explain the basis for accepting such limitations but declining to include them in the RFC.

## III. Conclusion.

Based on the above, the Court reverses and remands the Commissioner's decision.

**ENTERED** this 17th day of August, 2020.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE